IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA )
)
v. ) Criminal Action No. 3:07CR23–HEH
) Civil Action No. 3:16CV124
KEVIN LEE GREEN, )
)
Petitioner. )

## MEMORANDUM OPINION
(Dismissing Successive 28 U.S.C. § 2255 Motion)

By Memorandum Opinion and Order entered on January 23, 2011, the Court denied a 28 U.S.C. § 2255 motion filed by Petitioner. (ECF Nos. 59, 60.) On December 28, 2015, the Court received from Petitioner a document titled "MOTION FOR REDUCTION OF SENTENCE (USSG Amd. 782) PURSUANT TO 18 U.S.C. 3582(C)(2) AND JOHNSON, S. CT. (2015)" ("December 28, 2015 Motion," ECF No. 66.)

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. *See United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audit querela . . ., the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (citing *Thurman v. Gramley*, 97 F.3d 185, 186–87 (7th Cir. 1996)). Thus, "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], is a motion under § 2255, no matter what title the prisoner plasters on the cover." *Id.* (citing *Ramunno v. United States*, 264 F.3d 723 (7th Cir. 2001)).

Petitioner's December 28, 2015 Motion continues to raise constitutional challenges to his sentence and falls within the ambit of 28 U.S.C. § 2255(a). Therefore, Petitioner's December 28, 2015 Motion (ECF No. 66) will be treated as a successive § 2255 motion. The Clerk will be directed to assign a civil action number to the December 28, 2015 Motion. Because the Court has not received authorization from the Fourth Circuit to file the motion, the action will be dismissed for want of jurisdiction. The Court will deny a certificate of appealability.

To the extent Petitioner wishes to file a motion for a reduction in sentence under 18 U.S.C. § 3582, he may not raise challenges to his original sentence in such a motion. *See United States v. Dawkins*, 535 F. App'x 307, 308 (4th Cir. 2013) (explaining that challenges to an original conviction and sentence "are not cognizable in a § 3582 proceeding" (citing *United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011))).

Motions made by defendants under 18 U.S.C. § 3582 may only raise issues related to retroactive amendments to the United States Sentencing Guidelines. *See* 18 U.S.C. § 3582(c)(2); *United States v. Mann*, 435 F. App'x 254, 255 (4th Cir. 2011). Accordingly, the dismissal of Petitioner's December 28, 2015 Motion is without prejudice to Petitioner pursuing a motion under 18 U.S.C. § 3582 that only raises issues related to retroactive amendments to the United States Sentencing Guidelines.

An appropriate Final Order will accompany this Memorandum Opinion.

                                                       /s/
                                        Henry E. Hudson
Date: Feb 25, 2016              United States District Judge
Richmond, Virginia